IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19–cv–00609–DDD–KMT

WYATT WIEDERKEHR,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendant Medicredit, Inc.'s "Motion to Dismiss or in the Alternative for a More Definite Statement" (Doc. No. 8, filed March 8, 2019). Plaintiff did not file a response.

## LEGAL STANDARDS

### A.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B. ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the

plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### C. *More Definite Statement*

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule further provides that "[t]he motion . . . must point out the defects complained of and the details desired." *Id.* Such motions should be granted only when a party is unable to determine the issues requiring a response. *Resolution Tr. Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan. 1993). However, a party may move for a more definite statement if it "cannot formulate a responsive pleading because the factual allegations are too sparse." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957) ("[i]f a party needs more facts, it has a right to call for them under Rule 12(e) . . . ."). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America*, No. Civ. A. 03–2426–KHV, 2004 WL 433914, at * 1 (D. Kan. March 5, 2004). The decision whether to grant or deny such a motion lies within the sound discretion of the court. *Graham v. Prudential Home Mortg. Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 at 618 (1990). The twin purposes of a complaint are to give the opposing

parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington,* 631 F.2d at 1371). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

## ANALYSIS

Plaintiff filed his case in Small Claims Court in El Paso County (*see* Doc. No 2), and Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 (*see* Doc. No. 1). The entirety of Plaintiff's claim alleges the defendant owes him $7,500 because of the "Fair Debt Collections Practice[s] Act, Fraud, Extortion, [and] Harsment [sic]." (Doc. No. 2.)

Defendant moves to dismiss Plaintiff's Complaint or, in the alternative, for a more definite statement. While the court agrees that Plaintiff's Complaint does not contain a single fact to support his claims, "[a] 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). Because Plaintiff has asserted *no* facts in this case, the court cannot say it is beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.

Rather, particularly considering Plaintiff's *pro se* status, and because Plaintiff's claims are so vaguely stated that the defendant cannot possibly prepare a meaningful response, the court believes that having Plaintiff file a more precise statement of allegations is fair and proper. Accordingly, the court recommends granting Defendant's motion for a more definite statement.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Defendant Medicredit, Inc.'s "Motion to Dismiss or in the Alternative for a More Definite Statement" (Doc. No. 8) be **DENIED** to the extent it seeks to dismiss Plaintiff's complaint and **GRANTED** to the extent it seeks to require Plaintiff to amend his complaint. The court further **RECOMMENDS** that Plaintiff be required, using the Court's Complaint form and complying with Federal Rule of Procedure 8, to amend his complaint within fourteen days of ruling on this Recommendation.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of September, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge